**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

_____

Jessica Ashley Williams
                    **Plaintiff,**

[Insert full name of plaintiff/prisoner]


                    **-against-**

County Executive, Edward P. Mangano
Police Commissioner, Jane Doe
Detectives: William Bourguignou,
Leonard Mathewson, Hector Boubrem,
Jason Wrieske, Jason Collins, Damian Suarez,
Stephen Firestone, Silvia Marquez, James Marinucci
                    **Defendant(s).**

[Insert full name(s) of defendant(s).  If you need additional
space, please write "see attached" and insert a separate
page with the full names of the additional defendants.  The
names listed above must be identical to those listed in Part I]


**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   APR 2 6 2017   ★

BROOKLYN OFFICE

# CV 17 2667

**CIVIL RIGHTS COMPLAINT**
42 U.S.C. § 1983

BIANCO, J.

JURY DEMAND

YES ✓    NO _____

TOMLINSON, M.J.


I.    **Parties:**  (In item A below, place your name in the first blank and provide your present
       address and telephone number.  Do the same for additional plaintiffs, if any.)

A.   **Name of plaintiff** Jessica Ashley Williams

If you are incarcerated, provide the name of the facility and address:

_____

_____

_____

Prisoner ID Number: _____

1

If you are not incarcerated, provide your current address:

218-30 110TH AVENUE, QUEENS VILLAGE, N.Y. 11429

Telephone Number: 347-339-2341

**B. List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

EDWARD P. MANGANO
Full Name

NASSAU COUNTY EXECUTIVE
Job Title

1550 FRANKLIN AVENUE

MINEOLA, N.Y. 11501
Address

Defendant No. 2

POLICE COMMISSIONER - JANE DOE
Full Name

POLICE Commissioner NASSAU
Job Title

1490 FRANKLIN AVENUE

MINEOLA, N.Y. 11501
Address

Defendant No. 3

WILLIAM BOURGUIGNON
Full Name

DETECTIVE B.S.O C.I.2.R.T
Job Title

1655 DUTCH BROADWAY

2

_Elmont, N.Y. 11003_
**Address**

**Defendant No. 4**

N.V.B.                    B.S.O  C.I.R.R.T.
SILVIA MARQUEZ, LEONARD MATHEWSON
B.S.O. CI.R.R.T    N.V.S.
HECTOR BURREN, STEPHEN FIRESTONE
**Full Name**

DETECTIVES FOR: N.V.B., N.V.S., B.S.O., CIRRT
**Job Title**

1655 DutchBroadway

Elmont, NY 11003
**Address**

**Defendant No. 5**

N.V.B.              B.S.O., CIRRT
JAMES MARINUCCI, JASON COLLINS
B.S.O CIRRT        B.S.O. CIRRT
Damiah Suarce, JASON WRIESKE
**Full Name**

DETECTIVES FOR: N.V.B., B.S.O., C.I.R.R.T.
**Job Title**

1655 ~~Broadway~~ DutchBroadway

Elmont, NY 11003
**Address**

## II.   Statement of Claim:

(State briefly and concisely, the <u>facts</u> of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.  You need <u>not</u> give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur?  LONG ISLAND EXPRESSWAY
IN FLUSHING QUEENS, TRAFFIC STOP IN MIDDLE
LANE OF RUSH HOUR

When did the events happen? (include approximate time and date)  3:15 PM or 3:20 PM
ON MAY 1ST, 2014

3

Facts: (what happened?) _____

_____

_____

_____

_____

_____

SEE AttACHED

_____

_____

_____

_____

_____

_____

_____

_____

**II.A.    Injuries.**    If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

DEEP DEPRESSEON, ANXIETY, INSOMNIA,
Avoidance oF others, P.T.S.D.

_____

_____

_____

_____

4

III.    **Relief:** State what relief you are seeking if you prevail on your complaint.

INJURIES IN THE AMOUNT: $12,500,000.00

FALSE ARREST IN THE AMOUNT: $12,500,000.00

DEFENDANTS INDIVIDUALLY: $100,000.00 EACH

LOST WAGES: $1,320.00

I declare under penalty of perjury that on ___01/14/2017___, I delivered this
                                            (date)
complaint to prison authorities at _____ to be mailed to the United
                                        (name of prison)
States District Court for the Eastern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 01/14/2017        JESSICA A. WILLIAMS
                         **Signature of Plaintiff**


                         **Name of Prison Facility or Address if not incarcerated**

                         218-30 110TH AVENUE

                         Queens Village, NY 11429


                         **Address**


                         **Prisoner ID#**

rev. 12/1/2015

## "STATEMENT OF FACTS"

#1.)  ON THE DATE OF MAY!1,2014 PLAINTIFF "JESSICA WILLIAMS"
      WAS WRONGFULLY MISIDENTIFIED BY N.C.P.D. AS A TARGET IN
      A ONGOING CRIMINAL INVESTIGATION WHICH RESULTED IN THE
      PLAINTIFF BEING FALSELY ACCUSED OF POSSESSING A CRIMINAL
      CONTROL SUBSTANCES NARCOTICS.

#2.)  THIS ARREST WAS EFFECTED BY DETECTIVE DEFENDANTS,
      HECTOR BURREN, WILLIAM BOURGUIGNON, LEONARD MATHEWSON,
      JASON COLLINS, DAMIAN SUAREZ, JASON WRIESKE OF N.C.P.D.
      (B.S.O.) BUREAU OF SPECIAL OPERATIONS, CIRRT TEAM.

#3.)  PRIOR TO THE ARREST ON MAY 1,2014 PLAINTIFF NEVER HAD
      POLICE CONTACT OF ANY KIND EVER AND THE VEHICLE WAS
      PLAINTIFFS SISITERS REGISTERED VEHICLE BEARING
      NEW JERSEY PLATE NUMBER# E350XZ.

#4.)  PLAINTIFF STATES (B.S.O.) DETECTIVE WILLIAM BOURGUIGNON
      USED OBSENITIES "YOU FAT BITCH" TO INSTRUCT THE PLAINTIFF
      TO EXIST THE VEHICLE. THE PLAINTIFF FUTHER STATES ONCE
      PLAINTIFF OPEN THE DOOR TO THE VEHICLE (B.S.O.)
      DETECTIVE WILLIAM BOURGUIGNON PHYSICALLY ASSULTED
      PLAINTIFF WITHOUT REGARD OR REASON TO USE FORCE.

#5.)  PLAINTIFF STATES (B.S.O.) DETECTIVE WILLIAM BOURGUIGNON
      MADE SEXUAL ADVANCES TOWARDS PLAINTIFF BY "GROPPING" AND
      "CARESSING" WHEN ORDERING PLAINTIFF TO PULL AND STRECH
      V-NECK T-SHIRT DOWN TO "GROP" AND "INSPECT" THE PLAINTIFFS
      "BREAST" WITHOUT THE PRESENSE OF A FEMALE OFFICER THERE.

#6.)  PLAINTIFF FUTHER STATES THAT DUE TO THE ACTIONS OF N.C.P.D.
      PLAINTIFF CAN'T MAINTAIN STABLE EMPLOYMENT BECAUSE OF THE
      EMBRASSMENT AND HAS CAUSED THE PLAINTIFF INTO DEEP
      DEPRESSION.

#7.)  PLAINTIFF TESTIFIED BEFORE A GRAND JURY AND NO TRUE BILL
      WAS RETUBNED. PLAINTIFF WAS RELEASED FROM NASSAU COUNTY
      JAIL AFTER (1) MONTH OF INCARCERATION. THE ARRESTING ⌐. ˍˍ˸
      OFFICERS ACCOUNT AND VERSION OF THE LINE OF CONFISCATED
      AND VOUCHERED ARREST EVIDENCE, WHEN IN ACTUALITY THERE
      EXISTED NO INCRIMINATING CORROBERATING EVIDENCE CONNECTING
      PLAINTIFF OR BOYFRIEND "GERALD MOBLEY" TO THE EVENTS
      ALLEGED BY  THE DEFENDANT " GEROD MOBLEY".

"CONTINUATION"

#8.)  PLAINTIFF WAS NEVER IN POSSESSION OF ANY NARCOTICS CONTROL
      SUBSTANCES PRIOR TO AND AFTER THE TRAFFIC STOP ARREST, AND
      HAS BEEN SUBJECTED TO BEING FALSELY ARRESTED, HELD
      UNLAWFULLY IMPRISONED, AND PURSUED MALICIOUSLY IN A FEIGN
      PROSECUTION.

#9.)  PLAINTIFF HAS ELECTED TO FILE THIS CIVIL RIGHTS 42 U.S.C.
      § 1983 COMPLAINT CONTESTING THE CURRENT INSTANT UNLAWFUL
      IMPRRISONMENT AND FALSE ARREST INITIATED BY THE ABOVED
      DEFENDANTS. PLAINTIFF DETENTION IS PREDICATED ON THE BASIS
      OF AN UNCONSTITUTIONAL ILLEGAL SEARCH & SEIZURE ARREST FOR
      WHICH PLAINTIFF HAS FILED FOR FEDERAL INTERVENTION RELIEF.

# EXHIBIT A

FELONY COMPLAINT

DISTRICT COURT -- FELONY COMPLAINT

Citation# _____
Arrest# 214AR0006187
Date / Time of Arrest 05/01/2014 at 15:20

CR# 214CR0018858
Return Date 05/02/2014
Court Docket _____

DOB
▬▬▬▬▬▬

Age
23

Offense

220.16 (1)

CRIM
POSS CNTRL
SUBS 3RD SUB
1

B
FELONY

Sector
502

Prepared By
8572WRIES

FIRST DISTRICT

THE PEOPLE OF THE STATE OF NEW YORK AGAINST


JESSICA A WILLIAMS

IN THE STATE OF NEW YORK COUNTY OF NASSAU: PO JASON J WRIESKE, SHIELD# \2759, BEING A MEMBER OF THE NASSAU COUNTY POLICE DEPT DEPOSES AND SAYS THAT ON OR ABOUT THE 1ST DAY OF MAY, 2014, AT ABOUT 3:20 PM, AT HEMPSTEAD TPKE/HENDRICKSON AVE ELMONT, THE DEFENDANT DID VIOLATE NEW YORK STATE PENAL LAWSECTION(s) §220.16 (1) .

§ 220.16 CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE. A PERSON IS GUILTY OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE WHEN HE KNOWINGLY AND UNLAWFULLY POSSESSES:
  1. A NARCOTIC DRUG WITH INTENT TO SELL IT.

TO WIT:   On the aforementioned date, time and place of occurrence your deponet did observe the defendant Jessica Williams unlawfully possess 142 wax bags each containing an amount of tan powder substance believed to be heroin with the intent to sell it. The alleged heroin weighed in excess one eighth of an ounce weighing approximately 4.2 grams.

Your deponent believes the tan powder substance to be heroin based on his nine years of police experience, his involvement in hundreds of arrests and investigations involving heroin, his training by the Nassau County Police Academy in identification of heroin.
A positive field test was secured by Detective Firestone.

* ANY FALSE STATEMENT MADE HEREIN IS PUNISHABLE AS A CLASS A MISDEMEANOR, PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

SUBSCRIBED BEFORE ME THIS
2ND DAY OF MAY 2014.

_____
PO JASON J WRIESKE

_____
SGT  ROBERT CONKLIN

8 5

DISTRICT COURT -- FELONY COMPLAINT

Citation# 
Arrest# 214AR0006187

Date / Time of Arrest 05/01/2014 at 15:20

CR# 214CR0018858
Return Date 05/02/2014
Court Docket _____

DOB ▓▓▓▓▓
Age
23

Offense

220.16 (1)

CRIM
POSS CNTRL
SUBS 3RD SUB
1

B
FELONY

Sector
502

Prepared By
8572WRIES

FIRST DISTRICT

THE PEOPLE OF THE STATE OF NEW YORK AGAINST


JESSICA A WILLIAMS

IN THE STATE OF NEW YORK COUNTY OF NASSAU: PO JASON J WRIESKE, SHIELD# \2759, BEING A MEMBER OF THE NASSAU COUNTY POLICE DEPT DEPOSES AND SAYS THAT ON OR ABOUT THE 1ST DAY OF MAY, 2014, AT ABOUT 3:20 PM, AT HEMPSTEAD TPKE/HENDRICKSON AVE ELMONT, THE DEFENDANT DID VIOLATE NEW YORK STATE PENAL LAW SECTION(s) §220.16 (1) .

§220.16 CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE. A PERSON IS GUILTY OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE THIRD DEGREE WHEN HE KNOWINGLY AND UNLAWFULLY POSSESSES:
  1. A NARCOTIC DRUG WITH INTENT TO SELL IT.

TO WIT:   On the aforementioned date, time and place of occurrence your deponet did observe the defendant Jessica Williams unlawfully possess an amount of rock-like substance believed to be crack cocaine with the intent to sell it. The alleged crack weighed in excess one eighth of an ounce weighing approximately 8.4 grams.

Your deponent believes the rock-like substance to be crack cocaine based on his nine years of police experience, his involvement in hundreds of arrests and investigations involving crack cocaine, his training by the Nassau County Police Academy in identification of crack cocaine. A positive field test was secured by Detective Firestone.

* ANY FALSE STATEMENT MADE HEREIN IS PUNISHABLE AS A CLASS A MISDEMEANOR, PURSUANT TO SECTION 210.45 OF THE PENAL LAW.

SUBSCRIBED BEFORE ME THIS
2ND DAY OF MAY 2014.

_____
PO JASON J WRIESKE

_____
SGT ROBERT CONKLIN

86

# EXHIBIT B

CRIME REPORT

NASSAU COUNTY POLICE DEPT
CRIME REPORT -PDCN 85ASJ - 214CR0018858

Printed 05/02/2014-01:18    By 9211BOURG    Page 2

*TESTIMONIALS (continued...)*
MOBLEY, GERALD J

|  |  | Placed defendant in custody |  |  |  |
|  |  | Transported, processed arrest paperwork |  |  |  |

| WRJESKE JASON J<br>ARREST PO |  | 8572WRIES<br>NO STATEMENT<br>Observed offense<br>Recovered evidence<br>Placed defendant in custody<br>Transported, processed arrest paperwork | PO | Unit 003 | Chart |

---

*DEFENDANT(S) ADMISSIONS*

---

*INJURIES*

---

*DATE, TIME & LOCATION OF INCIDENT*

05/01/2014 15:20   HEMPSTEAD TPKE/HENDRICKSON AVE, ELMONT

---

*DATE, TIME & LOCATION OF ARREST(S)*
MOBLEY, GERALD J

05/01/2014 15:20   LONG ISLAND EXPRESSWAY, QUEENS

---

*NOTIFICATION(S)*
MOBLEY, GERALD J

SNAG-FEXAS

DA Notified N

---

*ARREST NARRATIVE*
WRITTEN BY 8572WRIES ON 05/02/14

On Thursday, 05-01-2014 at approximately 1500 hours members of CIRRT Task Force were in the vicinity of Hempstead Turnpike and Hendrickson Avenue when they observed the defendant Gerod Mobley engage in conversation with an un-apprehended male black. The area has been prone to high drug activity in the past. Officers observed the un-apprehended male hand an unknown amount of USC to Mobley who handed back a small plastic baggie which did contain a white rock-like substance believed to be crack cocaine. When attempting to stop the subjects the un-apprehended left on foot in a northerly direction onto Hendrickson where officers lost sight of him. Officers observed Mobley enter the rear seat of a red 1995 Jeep Cherokee NJ Reg E35DXZ. The officers followed the Jeep which did change lanes twice with out using its directional device cutting a vehicle off in the process. The officers radioed for back up as the vehicle traveled north onto the Cross Island Parkway. The officers maintained constant visual contact with the vehicle and were able to conduct a stop of the vehicle with assisting officers on the Long Island Expressway. As the officers approached the vehicle on foot and during conversation with the driver/defendant Gerald Mobley (brother to Gerod) PO Mathewson observed and recovered four (4) yellow wax bags each containing a tan powdered substance believed to be heroin from floor. During conversation with the rear passenger Gerod Mobley, PO Wrjeske observed and recovered a single purple wax bag containing a tan powdered substance believed to be heroin also from the floor. PO Bourguignon was standing on the passenger side of the vehicle speaking to passenger/defendant Jessica Williams when he observed a black pouch open and in plain view in the center console of the vehicle. The pouch contained twenty-two (22) individually wrapped pieces of rock-like substance believed to be crack cocaine. Eighty-seven (87) green and fifty (50) purple colored wax bags each containing a tan colored powdered substance believed to be heroin. All occupants denied ownership of any and all recovered narcotic substances and were therefore placed in custody. The vehicle was driven from scene to the Fifth Precinct and is to be impounded for safekeeping. (impound 04-220-14) During a search of the vehicle at the stationhouse PO Bourren recovered a black bag from the trunk area. The bag contained numerous items used in the process in making, cutting, preparing and packaging narcotics. These items included one clear plastic bag containing a white powder substance, one clear plastic bag containing a blue powder substance, and a plastic bottle marked Niacin which also contained a white powder substance all believed to be used as cutting agents. A coffee grinder which contained possible heroin residue, a plate and pestle containing a powder substance, a scale, plastic sandwich bags, a sifting screen, gloves and numerous purple wax bags commonly used for the packaging of heroin.

While conducting a search of Gerod Mobley at the Fifth Precinct stationhouse incidental to a lawful arrest, Mobley

9

*ARREST NARRATIVE (continued...)*

was able to reach into his waist area between his buttocks and appeared to shove a foreign object into his rectum. Gerod Mobley later admitted to officers he did in fact shove approximately one gram of crack cocaine into his rectum. Mobley was taken to Nassau University Medical Center where he consented to officers and attending physicians to the removal of the alleged crack cocaine. A plastic bag containing a substance alleged to be crack cocaine was recovered from the rectal area of Mobley which is to be presented to grand jury.

Gerald Mobley was found to be in possession of $791.00 USC which is believed to be proceeds of drug sales and is therefore to be held for asset forfeiture. (Asset # 406-14)

I-card unable to perform by M.O.

*PROPERTY / EVIDENCE*

| | | |
|---|---|---|
| SUSP-DRUG | 22 ROCKLIKE SUBSTANCES BELEIVED TO BE CRACK-COCAINE | U |
| SUSP-DRUG | 138 WAX BAX CONTAINING TAN POWDER SUBSTANCE BELEIVED TO BE HEROIN | U |

*VEHICLES / IMPOUNDS*

| | | | |
|---|---|---|---|
| SUSP-VH | E35DXZ | NJ | 95 JEEP SUV RED |

*DEFENDANT(S) B.A.C.*

| | | | | |
|---|---|---|---|---|
| MOBLEY, GERALD J | | By | Test#1 | Test#2 | $1.00 |

*DEFENDANT(S) IDENTIFICATION*

MOBLEY, GERALD J          By ARRESTING OFFICERS          OBSERVED OFFENSE

*DEFENDANT(S) MIRANDA*

MOBLEY, GERALD J          By          05/01/2014 15:20

*DEFENDANT(S) SEARCH*

MOBLEY, GERALD J          By 8666BOURR          Justification  ARREST

*DEFENDANT(S) PHONE CALLS*

MOBLEY, GERALD J

*REMARKS*

MOBLEY, GERALD J
NONE          UNRECOVERED WEAPONS/DANGEROUS INSTRUMENTS

MOBLEY, GERALD J
1)ARR# 6185-6187  2)NONE          RELATED CASES/WITNESSES AS DEF./DEF. WITNESS REL./WITNESSES WITH PRIORS
3)NONE          4)NONE

Prepared By          Desk Officer          Squad Supervisor

10

# EXHIBIT C

PROPERTY INVOICE

## POLICE DEPARTMENT, COUNTY OF NASSAU, NEW YORK
## PROPERTY BUREAU INVOICE

PDCN 106 - REV. 1/09

**INSTRUCTIONS**

1. Forms must be prepared in JetForm in duplicate.  Forward both copies with property to the Property Bureau.
2. Do not typewrite to the right of the double line except when entering U.S. Currency.
3. All cash items will be entered first itemized (cash to be broken down by denomination), then foreign money, jewelry, etc.
4. Both copies will be given the same consecutive command voucher number in the command where it originates.
5. If the claimant is a corporation, give the corporate name - not the name of an individual connected with it.
6. The following additional information shall be secured for all items. The place where found and the name of the person from whom taken with the general circumstances surrounding such taking. This information should be entered under each item.
7. When invoicing "Found Property", list finder/claimant and insert name and address in space provided plus PDCN Form 83 and PDCN Form 110 to be prepared.
8. A PDCN Form 83 ( Property Disposition Card ) or long form in JetForm and a PDCN Form 110 ( Notice to Claimant Card ) must accompany ALL property which is to be destroyed or returned. A PDCN Form 110 is required when returning property to claimant.
9. Corrections to be made as provided by Departmental Procedure Manual.
10. FINDER/CLAIMANT must be indicated to determine which category the person falls under (cross out the one which does not apply)
11. Complete the appropriate boxes pertaining to Asset Forfeiture at the bottom of the form.

**DATE PREPARED** 05/01/2014

| INVOICING OFFICER | LAST NAME FIRESTONE | FIRST NAME STEPHEN | RANK DET | SERIAL NO. 8026 | COMMAND NVB |
|---|---|---|---|---|---|
| ARRESTING OFFICER | LAST NAME BOURREN | FIRST NAME HECTOR | RANK PO | SERIAL NO. 8666 | COMMAND CIRRT / BSO |

| PRISONER(S) | NAME (LAST, FIRST) | ADDRESS AND ZIP CODE | DATE OF ARREST | CHARGE | P.B. USE ONLY |
|---|---|---|---|---|---|
| | MOBLEY, GERALD | 218-30 110 AVE. QNS. VILLAGE, NY | 05/01/2014 | 220.16(12) | |
| | WILLIAMS, JESSICA | 218-30 110 AVE. QNS. VILLAGE, NY | 05/01/2014 | 220.16(12) | |
| | MOBLEY, GEROD | 67-33 KISSENA BLVD. FLUSHING, NY | 05/01/2014 | 220.16(12) | |

| FINDER/ CLAIMANT | LAST NAME | FIRST NAME | ADDRESS AND ZIP CODE | PHONE NO. |
|---|---|---|---|---|

| ITEM NO. | QUANTITY | ARTICLE | U.S. CURRENCY ONLY |
|---|---|---|---|
| 01 | 01 | BLACK NYLON POUCH WHICH CONTAINED ITEMS # 4 THRU 6 | |
| 02 | 04 | YELLOW WAX BAGS CONTAINING A TAN COLORED POWDERED SUBSTANCE BELIEVED TO BE HEROIN. SECURED IN A CLEAR PLASTIC BAG | |
| 03 | 01 | PURPLE COLORED WAX BAG CONTAINING A TAN COLORED POWDERED SUBSTANCE BELIEVED TO BE HEROIN. SECURED IN A CLEAR PLASTIC BAG | |
| 04 | 50 | PURPLE COLORED WAX BAGS CONTAINING A TAN COLORED POWDERED SUBSTANCE BELIEVED TO BE HEROIN. | |
| 05 | 87 | GREEN COLORED WAX BAGS CONTAINING A TAN COLORED POWDERED SUBSTANCE BELIEVED TO BE HEROIN. | |
| 06 | 22 | INDIVIDUALLY WRAPPED ROCK LIKE SUBSTANCE BELIEVED TO BE CRACK-COCAINE WHICH WAS IN A LARGER CLEAR PLASTIC BAG. | |
| | | XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | |
| | | *****************DO NOT DESTROY HOLD AS EVIDENCE*************** | |
| | | Item # 2 recovered by PO Mathewson,  Item # 3 recovered by PO Wreiske | |
| | | Item # 1, 4-6  recovered by PO Bourguignon | |

☒ FELONY
☐ NON-FELONY   ☐ NON-CRIMINAL

HOLD FOR FORFEITURE
☐ YES   ☐ NO

ASSET FORFEITURE NO.

| | TOTAL | |
|---|---|---|

| SIGNATURE INVOICING OFFICER RANK DET | NAME *Stephen Firestone* | SERIAL NO. 8026 | SIGNATURE PROPERTY BUREAU OFFICER RANK   NAME | | SERIAL NO |
|---|---|---|---|---|---|
| CASE REPORT NO. | D.D. NO. NVB-1366-14 | OTHER NO | COMMAND NVB | COMMAND VOUCHER NO NVB-657-14 | PROPERTY BUREAU VOUCHER NO |

FORM

# EXHIBIT D

WRITTEN STATEMENTS

To: DA Office

Dated 9-2-15
IND# 1225N-14

From: Gerod mobley, #14003377

I Gerod mobley called my twin Brother Gerald mobley on may 1, 2014 around 2:55pm OR 3pm For a Ride Back home to Queens (Flushing) after I just Stolen a Book Bag or Backpack with a Knew Drug Deals Drugs inside The Bag, The Drugs inside the Bag was Crack cocaine and heroin along with all types of drug paraphernalia.

while driving on the Long island express way under cover cops cut the jeep off at which time I threw Drugs (heroin) all over the jeep at the Floor under The Drives seat and under the Back seat and Left a open Black Bag with all the drugs inside of it on the center console of the jeep.

my twin Brother Gerald mobley Did Not have No Drugs at all he was givin me a Ride home to Queens, The whole incident started Hempstead turpike and Hendrickson Ave, Elmont NY.

Sworn To Before me That 2
Day of September, 2015

x _[signature]_

_[signature]_
NOTARY

CARMINE PULGRANG
Notary Public, State of New York
No. 01PU6094168
Qualified in Nassau County
Commission Expires June 16, 20 19

The statement made is the whole Truth and only truth.

Statement of true Facts          Dated 5-14-14
     by Gerod mobley

I Gerod mobley would like to let the court and District

Attorney office no that i had owed up to all the drugs

and all the other staff Found in the jeep on May 7,

2014 During a police stop in the middle of "long island

express way" west in Flushing Queens; jessica williams

owe's the jeep and she had no idea that i had drugs on

me when they picked up me at the store in Elmont at

Hendrickson ave & hempstead turnpike with my Brother

Driving the jeep, I hope the court clear's her name

A.S.A.P.

Notary Public, State of New Y...
Qualified in Nassau County
No. 01DA6049011
Commission Expires 10/02/20 14

x Gerod mobley
Gerod mobley #14003377

5/15/14

# EXHIBIT E

MOTOR VEHICLE IMPOUND INVOICE

## POLICE DEPARTMENT, COUNTY OF NASSAU, NEW YORK
### MOTOR VEHICLE IMPOUND WORKSHEET / INVOICE

PDCN 94A - Rev. 8/65

| DATE AND TIME IMPOUNDED | IMPOUND ZONE NO. | IS VEHICLE OPERABLE? | KEYS WITH VEHICLE? | IMPOUND NO. |
|---|---|---|---|---|
| 5/1/14   0010 | 10 | ☑ YES ☐ NO | ☑ YES ☐ NO | 04-220-14 |

| CASE REPORT NO. | D.D. NO. | ARREST NO. | ACCIDENT NO. | TRAFFIC TICKET NO.(s) |
|---|---|---|---|---|
| 214CR0018858 | 214CR6185-86-87 | | | |

**LOCATION VEHICLE IMPOUNDED FROM**
5th Policing Center

**VEHICLE**

| LICENSE PLATE NO. | STATE | YEAR | MAKE |
|---|---|---|---|
| E35DXZ | ☑ OTHER N.J. | 1995 | Jeep |

| MODEL | STYLE | COLOR | V.I.N. | ODOMETER READING |
|---|---|---|---|---|
| Laredo | S.U.V | Red | 1J4GZ58Y3SC643255 | 121,122 |

| OWNER: NAME | ADDRESS | VILLAGE | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

| OPERATOR: NAME | ADDRESS | VILLAGE | STATE | ZIP CODE |
|---|---|---|---|---|
| Mobley, Gerald | 218-30 110 Ave | Queens Village | NY | 11429 |

**INVENTORY OF EQUIPMENT AND MISCELLANEOUS ITEMS IMPOUNDED WITH VEHICLE**

| | | | | |
|---|---|---|---|---|
| RADIO | ☑ YES ☐ NO | SEAT COVERS | ☐ YES ☐ NO | |
| SPARE TIRE | ☐ YES ☐ NO | CASSETTE RECORDER | ☐ YES ☐ NO | |
| JACK | ☐ YES ☐ NO | BUMPER GUARD(s) NO. | ☐ YES ☐ NO | |
| CB RADIO | ☐ YES ☐ NO | HUB CAP(s) NO. | ☐ YES ☐ NO | |

MISCELLANEOUS (LIST)

**VEHICLE DAMAGE**



NO DAMAGE ☐

INTERIOR DAMAGE (SPECIFY)

UNDERCARRIAGE DAMAGE (SPECIFY)

| VEHICLE IMPOUNDED TO GARAGE: NAME | ADDRESS | TELEPHONE NO. |
|---|---|---|
| Al Grans Auto Body | 105 Hedrick Rd Garden City Park | 516.294.200 |

**REASON FOR IMPOUND/REMARKS**
safe keeping

I acknowledge receipt of the above listed vehicle and all equipment and miscellaneous items and have removed debris from roadway.

| SIGNATURE TOW CAR OPERATOR | TOW CAR OPERATORS LICENSE NO. | TOWN OF | TOW CAR LIC. NO. | DATE |
|---|---|---|---|---|
| Kenny [signature] | | ☐ N.H. ☐ N.H. | | |
| | | ☐ H. ☐ O.B. | | |

Items removed from vehicle to station house

| MEMBER IMPOUNDING VEHICLE: NAME | SHIELD NO. | SERIAL NO. | COMMAND |
|---|---|---|---|
| Bourguignon | 3507 | 9211 | BSO/GIRRT |

| V.I.N. AND PLATE CHECK | OPERATORS SERIAL NO. | NOTIFICATION MADE TO | |
|---|---|---|---|
| ☐ POSITIVE ☐ NEGATIVE | | ☐ OWNER ☐ OPERATOR ☐ OTHER (SPECIFY) | NAME |
| ADDRESS | | | PHONE NO. |

| NOTIFICATION MADE BY: RANK | NAME | SERIAL NO. | DATE & TIME |
|---|---|---|---|
| | | | |

| DESK OFFICER AUTHORIZING IMPOUNDING VEHICLE: RANK | NAME | SERIAL NO. | COMMAND | DATE & TIME |
|---|---|---|---|---|
| | | | | |

PD - 5125 A  5/92

# EXHIBIT F

Suppression Hearing

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU : CRIMINAL TERM
-------------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

against

Gerod & Gerald Mobley (brothers),

Defendant.
-------------------------------------------------------------------------x

Indictment:
1225N-2014

Each defendant's motion to suppress property seized by the police is denied in part and granted in part as set forth herein.

Sgt. Hector Bourren testified that on May 1, 2014 he was a police officer assigned to a plain-clothes anti-crime unit and was assigned to respond to the intersection of Hempstead Turnpike and Hendrickson Ave. in Elmont to investigate complaints of drug activity. At around 3 p.m., at the assigned location, while using binoculars, he observed Gerod Mobley standing on the corner, approaching people, and looking up and down the block. At one point, he saw a male approach Gerod, engage him in conversation, give him money, and in turn Gerod handed him a clear envelope with a white substance which the detective reasonably believed to contain cocaine. (The binoculars provided the detective with a view of the transaction as if he were fifteen feet away from it.)

When Bourren and his partner (Police Officer Jason Wrieske) went to apprehend Gerod, his brother Gerald Mobley arrived in a Jeep and drove Gerod away. (There was also a female in the front passenger seat.) The officers followed the Jeep onto the Cross Island Expressway, then the Long Island Expressway, while calling for assistance to stop the Jeep. The Jeep was ultimately stopped on the Expressway.

Reasonable suspicion, if not probable cause, based on the detective's observations of Gerod's drug sale, existed at that point to stop the Jeep. And probable cause existed to arrest Gerod for selling cocaine.

Officer Matthawson approached the driver (Gerald); Officer Wrieske approached the rear passenger (Gerod); and Detective Bourguignon approached the front passenger (Williams). (Officers Matthawson and Bourguignon also testified.)

Bourren next saw his partner take Gerod out of the car, telling Bourren that he saw a deck of heroin on the floor panel in front of Gerod. His partner recovered the heroin. Thereafter the other two were taken out of the Jeep and transported to the precinct. The Jeep was also taken to the precinct to have a secure location for a search of vehicle. In an open area, in the rear of the Jeep, Bourren found a knapsack which had drug paraphernalia and drugs inside. The items in the knapsack were invoiced (People's Exhibit 3 for identification) and photographed (People's Exhibits 4 through 7) and detailed in the record (169).

There plainly was probable cause to believe the Jeep contained illicit drugs and search thereof was authorized and properly performed for the officer's safety in the parking lot of the police precinct. *See People v. Fustanio*, 35 N.Y.2d 196 (1974); *People v. Blasich*, 73 N.Y.2d 673 (1989).

Police Officer Matthawson testified to assisting in the stop of the Jeep and to approaching the driver, Gerald. When he reached the driver's side he "noticed there was four yellow wax envelopes lying on the floor...on the driver's side," which, based on the packaging, he believed to contain heroin. He then had probable cause to arrest Gerald and he did.

Detective Bourguignon approached the front passenger side of the Jeep and when he did so, he saw in the center console of the Jeep a black pouch, with some items in packaging indicative of containing a controlled substance. He then removed the passenger (Williams) from the Jeep, recovered the pouch and saw narcotics in it. The reason for the stop of the Jeep and the detective's observations of the items in the console (and Officer Wrieske observations and recovery of heroin from inside the Jeep) provided probable cause to search for and seize the pouch.

At the precinct, Officers Matthawson and Bourguigon participated in a search of Gerod. However, after uncuffing Gerod, they saw him apparently seeking to shove something into his buttocks area. Gerod's pants were removed and the officers saw a bag containing a white powdery substance protruding from Gerod's rectum. Although the officers from experience undoubtedly believed the item to contain cocaine, they asked him "what was it and he had said it was a gram of crack" (p. 47). Again: "We asked what he was putting in his buttocks area...(p. 90). And after asking him that, the defendant said he "shoved a gram of crack or cocaine up there" (90-91). They asked him to take it out and he agreed to do so. But, instead, Gerod pushed it further up his rectum beyond the point of retrieval. Gerod was accordingly transported to a hospital. Gerod had not been given his Miranda rights prior to this incident. Plainly, contrary to the prosecutor's argument, Gerod answered the officers' question as to what the item was; he did not "volunteer" it. The statement was made in response to a custodial question designed to elicit the incriminatory response and confirm what the officers's already undoubtedly believed. Further, there is no evidence to suggest the question was necessary for a medical or other emergency, particularly since at the time it was asked, it had not been fully inserted into his rectum, and the prosecutor does not argue otherwise.

Police Officer Jason Collins testified that he and two other officers transported Gerod to the hospital. A doctor retrieved the item which appeared to contain cocaine, albeit Officer Collins did not witness how or what the doctor did to retrieve the item. And Officer Collins acknowledged that the defendant did not consent to whatever the doctor did to cause the item to be retrieved from Gerod's rectum. That evidence is insufficient to warrant a finding that a search warrant was not required. *People v. Hall*, 10 N.Y.3d 303 (2008); *People v. Maye*, 12 N.Y.3d 731 (2009). Accordingly, that item is suppressed.

After Gerod return to the precinct from the hospital, Det. Silvia Marquez testified that at about 10:15 pm on May 1, she read Gerod his Miranda rights. Gerod ackowledged that he understood the rights and said he would talk to the officer. There was a brief interlude while the detective went for water. When he returned Gerod voluntarily told the officer that some of

the drugs were his. "But I didn't sell. But if I tell you who I get the drugs from can I get out of jail now." The answer to that was no. The detective asked him if he wanted to give a written statement and, after apparently debating with himself whether to do so, he declined. As to the oral statement the defendant validly waived his Miranda rights and voluntarily uttered the oral statement which is accordingly admissible.

Dated: May 28, 2015

*William Donnino*

William C. Donnino, J.S.C.

cc:     File
        District Attorney
        Defense Attorneys