**LAURA CURRAN**
County Executive



**JARED A. KASSCHAU**
County Attorney

**COUNTY OF NASSAU**
OFFICE OF THE COUNTY ATTORNEY

May 22, 2020

**Via ECF**

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Williams v. Mangano, et al.
              CV-17-2667 (RRM) (AKT)

Dear Judge Mauskopf:

    The County Attorney's Office represents Nassau County Detectives William Bourguignon, Leonard Mathewson, Hector Bourren, Jason Wrieske, Jason Collins and Damian Suarez (hereinafter collectively referred to as the "Defendants"), the remaining defendants in the above-referenced action. Pursuant to the May 1, 2020 Order of United States Magistrate Judge Tomlinson (*see* DE 48) and section III.A.2 of this Court's Individual Rules, this letter is submitted to request a pre-motion conference for the Defendants' proposed motion for summary judgment.

*Relevant Factual Background*

    On May 1, 2014 members of a Nassau County Police Department task force observed what appeared to be a drug transaction. Before the officers could apprehend the purported seller, he entered the rear of a motor vehicle in which the Plaintiff, Jessica Ashley Williams, was the front seat passenger. Several officers followed the vehicle which eventually was stopped on the Long Island Expressway.

    During the vehicle stop, while questioning the driver Gerald Mobley, officers observed several packets of a tan powdery substance believed to be heroin. An open pouch in the center console of the car contained packets of a powdery substance as well as bags containing a rock-like substance believed to be crack cocaine. None of the vehicle's occupants claimed ownership of these items. Consequently, all the occupants, Gerald Mobley – the driver, Gerod Mobley – the rear passenger, and Plaintiff Williams – the front seat passenger, were arrested.

    In a handwritten statement notarized on May 15, 2014 (Exhibit D to the Complaint) Gerod Mobley professed ownership of the recovered drugs and claimed that Ms. Williams

was not involved in the matter.[1]  She was released on her own recognizance on May 20, 2014.  The case was subsequently presented to the Grand Jury on or about August 6, 2014 which returned No True Bill against Ms. Williams.  As a result, the criminal charges against Ms. Williams were dismissed.

Plaintiff commenced this action on April 26, 2017 alleging false arrest and malicious prosecution.  Plaintiff also claims that she was physically and verbally assaulted by Detective Bourguignon.

*Bases for Proposed Motion*

Defendants seek permission to file a motion for summary judgment on the issues of false arrest, malicious prosecution, and the alleged assault.

In order to state a claim for false arrest, a plaintiff must show that 1) the defendants intended to confine her; (2) she was conscious of the confinement; (3) she did not consent to the confinement; and (4) the confinement was not otherwise privileged. *See Broughton v. State*, 37 N.Y.2d 451, 456 (1975).  An arrest is privileged if probable cause exists.  Probable cause is an absolute defense to a claim of false arrest.

In this case, Plaintiff was a front seat passenger in a motor vehicle that was stopped by Detectives after they had observed the participant in a drug transaction enter the rear of the vehicle.  A large number of drugs packaged for sale were observed within the vehicle.  The suspected narcotics were found in the rear of the car, on the driver's side of the car, and in an open pouch located in the center console of the car.  The pouch contained approximately 159 packets of what was believed to be heroin and crack cocaine.  Probable cause existed to stop the vehicle and, because no one claimed responsibility/ownership of the drugs, all the occupants were arrested.

The elements of a malicious prosecution claim are (1) the initiation of a criminal proceeding; (2) termination of that proceeding in her favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendants' actions.  *See Manganiello v City of New York*, 612 F.3d 149, 161 (2d Cir. 2010).

Defendant officers had probable cause to initiate criminal charges against Ms. Williams as set forth above.  It is not known to whom Gerod Mobley's statement (Exhibit D to the Complaint) was sent.  However, since it was notarized on May 15, 2014, two weeks after the subject arrest, and thirteen (13) days after Ms. Williams was arraigned, it would have been the role of the District Attorney's Office, not the Defendants, to evaluate Mobley's statement for purposes of determining whether to continue with the prosecution of Ms. Williams.  In addition, there is no evidence that malice was a motivation for the Defendants' actions in proffering criminal charges against her.

---

[1] In a second notarized statement, dated September 2, 2015 (also annexed as Exhibit D to the Complaint), Gerod Mobley attempted to exonerate his brother, Gerald, from involvement with the seized drugs.  Upon information and belief, both Mobley siblings were convicted and served time in New York State custody in connection with this matter.

In the Complaint, Ms. Williams claims that she was verbally assaulted by defendant Bourguignon in that he allegedly called her a "Fat Bitch." (Complaint (DE 1), at ¶ 4). Without conceding any allegation, even if Plaintiff's claim were true, generally insults and verbal "assaults" do not rise to the level of a constitutional violation. None of the exceptions to that rule apply.

For the reasons set forth in this letter, the Defendants respectfully submit that they have a meritorious motion for summary judgment under Federal Rules of Civil Procedure 56 for a judgment in their favor and, accordingly ask the Court to schedule a pre-motion conference. Alternatively, should the Court choose to waive the need for a conference, it is requested that the Court issue a briefing schedule for this motion.

Thank you for your time and attention to this matter.

Respectfully submitted,

*Liora M. Ben-Sorek*
Liora M. Ben-Sorek
Deputy County Attorney

cc: Jessica Ashley Williams (Via ECF, E-Mail and First Class Mail)
Plaintiff *Pro Se*